```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA

        v.

TERRELL STEVENS,

                        Defendant.
---------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/30/2021_____

21-CV-6152 (KMW)

16-CR-311 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

On April 12, 2021, CJA counsel Lance A. Clarke was appointed to advise Defendant Terrell Stevens in connection with a March 19, 2021 submission (ECF No. 468) that the Court construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 (the "Petition"). (*See* Apr. 12 Op., ECF No. 473.)  In the April 12 Opinion, the Court further noted that the Petition was filed more than three years after Stevens's conviction became final and, furthermore, that many of Stevens's arguments may be procedurally barred because he did not raise them in a direct appeal.  (*See id.* at 8.)  Accordingly, Stevens was given an opportunity to withdraw the Petition or, if he wished to proceed, Stevens was ordered to show cause by June 2, 2021, why his claims are not barred.  (*See id.* at 7-9.)

Stevens did not make any such showing.  Rather, he filed three additional *pro se* submissions (ECF Nos. 479, 488, 489) that, among other things, requested new counsel.  On June 11, Clarke moved to withdraw, explaining that he and Stevens "have a difference of opinion of the case law regarding whether [Stevens's] Section 2255 petition should be denied as time barred" and that "[t]his difference of opinion has resulted in an inability to effectively advise [Stevens]."  (Let. Mot. at 1, ECF No. 482.)

On July 19, 2021, Clarke's motion to withdraw was granted.  (ECF No. 490.)  The Court appointed CJA counsel on duty, Benjamin Zeman, to advise Stevens in connection with

the Petition.  Stevens was ordered to show cause, by August 20, 2021, why his claims are not barred.  (*See id.* at 3.)

Stevens did not make that showing, and counsel made no submission on Stevens's behalf by the August 20 deadline.  On August 24, the Court received Stevens's *pro se* submission, captioned "Amended Affidavit of Truth / Due Process Violation / Breach of Plea / Show Cause" and dated August 14, 2021.  (ECF No. 494.)  In both form and substance, this document mirrors the Petition.

## CONCLUSION

It is hereby ORDERED that:

1. By **September 2, 2021**, counsel for Stevens shall file any supplemental submission in support of the Petition, or shall confirm in writing that he does not intend to make any such filing.

2. By **September 9, 2021**, the Government shall file any supplemental opposition to the Petition, or shall confirm in writing that it intends to rely only on the arguments set forth in its March 25, 2021 opposition brief.  (*See* ECF No. 471.)

3. Because Stevens has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith.  *In forma pauperis* status is therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       August 30, 2021

                  */s/ Kimba M. Wood*
                  KIMBA M. WOOD
                United States District Judge