```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/8/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

              -against-

TERRELL STEVENS,

              Defendant.

-------------------------------------------------------X

16-CR-311 (KMW)

21-CV-6152 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendant Terrell Stevens has moved for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), or in the alternative pursuant to § 3582(c)(1)(B). (ECF Nos. 532, 533.) He has also moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 468, 538). The Government opposes modification of Stevens' sentence, as well as Stevens' § 2255 motion.[1] (ECF Nos. 471, 498, 544.) For the reasons stated below, Stevens' motions are DENIED.

## BACKGROUND

    On November 18, 2016, Stevens pleaded guilty to the following offenses: (1) conspiracy to distribute, and possess with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. § 841(b)(1)(B), and (2) use and carrying of a firearm, or possession of a firearm, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Plea Tr. 4:18–6:20, ECF No. 108; Presentence Investigation Report ("PSR") at 2, ECF No. 121.)

---

[1] As described below, Stevens' first § 2255 motion was filed on March 19, 2021. On September 13, 2021, the Government confirmed that, in opposing that petition, it intended to rely on its prior submission in opposition dated March 25, 2021 and docketed at ECF No. 471. (ECF No. 498.)

Specifically, Stevens was a member of a drug trafficking organization ("YNR") that distributed crack cocaine and heroin in a Bronx-area neighborhood. (PSR ¶¶ 22–26.) He was one of the most prominent members of the organization, responsible for coordinating narcotics sales and storing firearms for use by YNR members. (*Id.* ¶¶ 32, 37, 39.)

The Court accepted Stevens' guilty plea on November 22, 2016. (ECF No. 107.) The Court imposed a sentence of 148 months' imprisonment on November 27, 2017. (J. at 2, ECF No. 285.) Now before the Court are four motions. Two seek relief pursuant to 28 U.S.C. § 2255, and two seek relief pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (B), respectively.

### I.   Stevens' Motions Pursuant to 28 U.S.C. § 2255

Stevens has submitted two motions seeking to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255. The first, filed March 19, 2021 (the "March 19 Submission"),[2] made several arguments that typically would be made in a petition pursuant to 28 U.S.C. § 2255. (*See* ECF No. 468.) Accordingly, in an April 12, 2021 Opinion and Order (the "April 12 Opinion"), the Court construed this submission as a first § 2255 petition. (ECF No. 473.) In doing so, the Court warned Stevens of the consequences of such a characterization and gave him an opportunity to withdraw or amend his motion. (*Id.* at 5–7.) The Court also noted that the March 19 Submission, submitted more than three years after his conviction became final[3], appeared to be time-barred and that many of his arguments might be procedurally barred because he did not raise them in a direct appeal. (*Id.* at 7–8.) Therefore, the Court directed him to show cause, by June 2, 2021, as to why his motion should not be denied as time-barred and why his claims would not be procedurally barred in light of his failure to raise them on direct appeal. (*Id.*

---

[2] For ease of reference, and in the interest of maintaining consistency with the Court's prior Opinions and Orders, the dates of the parties' submissions reflect the dates on which those submissions were docketed.

[3] The Court noted that Stevens' conviction became final on December 14, 2017. (*See* April 12 Opinion at 8.)

at 9–10.)  The Court appointed CJA counsel Lance A. Clarke to assist Stevens in responding to these directives.  (*Id.*)

Instead of responding to the Court's directives, on May 19, 2021, Stevens filed another *pro se* submission in this Court, but addressed to the Second Circuit.  (ECF No. 479.)  Following the lapse of the Court's June 2, 2021 deadline, the Court directed CJA counsel to provide an update on the status of Stevens' responses to the April 12 Opinion, including why Stevens did not timely respond.  (ECF No. 481.)  Thereafter, in a June 11, 2021 letter (the "June 11 Letter"), CJA counsel stated that he had "reviewed the . . . case, and legal research, with Mr. Stevens[,]" and that "Mr. Stevens and counsel have a difference of opinion of the case law regarding whether [the] Section 2255 petition should be denied as time barred."  (ECF No. 482.)  In the June 11 Letter, CJA counsel did not withdraw Stevens' March 19 Submission, which the Court had designated as Stevens' first § 2255 petition.  (*Id.*)  CJA counsel also stated that he had been "informed by Mr. Stevens that [Stevens did] not want defense counsel to represent him as he wishe[d] to proceed pro se."  (*Id.*)

Thereafter, the Court directed Stevens to confirm, by July 6, 2021, whether he wished to proceed *pro se* in connection with his March 19 Submission.  (ECF No. 483.)  In a series of two additional submissions, neither of which showed why his claims should not be barred, Stevens expressed—among other things—that he wished new counsel to be appointed.  (*See* ECF Nos. 488, 489.)  Accordingly, after finding that there was an irreconcilable conflict between client and counsel, the Court granted CJA counsel's motion to withdraw and appointed new CJA counsel, Benjamin Zeman, to advise Stevens in connection with the March 19 Submission. [4]  (ECF No.

---

[4]   In its July 19, 2021 Order, the Court noted that Stevens' submission appeared unclear with respect to whether he wished to proceed *pro se* or with appointed counsel.  (ECF No. 490 at 2 n.1.)  Specifically, Stevens had stated that he "wish[ed] to proceed *pro se* but would like competent counsel."  (ECF No. 488 at 1.)  The Court

490 at 2.) The Court also reiterated its directive to Stevens to show cause, by August 20, 2021, as to why his claims should not be denied as barred. (*Id.*)

Stevens did not make that showing, and CJA counsel made no submission on Stevens' behalf by the Court's August 20 deadline. (*See* ECF No. 496.) The Court then directed CJA counsel to file any supplemental submission in support of the March 19 Submission, or confirm in writing that counsel did not intend to make any such filing. (*Id.*) In an August 30, 2021 letter, CJA counsel stated that he did "not intend to make a supplemental submission in support of Mr. Stevens' petition pursuant to 28 U.S.C. § 2255." (ECF No. 497.) Furthermore, CJA counsel stated that, "[u]pon review of Mr. Stevens' submissions and the applicable caselaw and precedent, and speaking with Mr. Stevens on multiple occasions, defense counsel and Mr. Stevens ha[d] a difference of opinion about whether the claims are barred." (*Id.*)

In a September 13, 2021 letter, the Government stated that, in opposing Stevens' March 19 Submission, it intended to rely on its prior opposition brief originally submitted on March 25, 2021. (ECF No. 498.) Since that time, Stevens has made a number of additional submissions, which do not appear to raise substantially different issues from his earlier submissions.[5] (*See* ECF Nos. 506, 507, 511, 514, 531.)

Stevens filed another petition seeking relief pursuant to 28 U.S.C. § 2255, his second such submission, on September 15, 2022 (the "September 15 Submission"). (ECF No. 538.) In this submission, Stevens appears to argue that one of the statutory offenses to which he pleaded

---

construed this request liberally, *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), to be a request for new counsel. (ECF No. 490 at 2 n.1.)

[5] In one of his submissions, Stevens appears to allege a "due process violation[]" because CJA counsel declined to submit a brief in response to the Court's Order to show cause as to why Stevens' claims should not be barred as untimely. (*See* ECF No. 506.) As CJA counsel stated in the August 30, 2021 letter, after reviewing the record and caselaw, "and speaking with Mr. Stevens' on multiple occasions," CJA counsel and Mr. Stevens had a "difference of opinion about whether [Stevens' § 2255] claims are barred." (ECF No. 497.)

guilty, 18 U.S.C. § 924(c)(1)(A), is unconstitutionally void for vagueness. (*Id.* at 1–2.)

## II.     Stevens' Motion Pursuant to 18 U.S.C. § 3582(c)(1)(B)

Stevens' submission filed on August 4, 2022 (the "August 4 Submission") seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B). (ECF No. 532.) That submission, construed liberally, argues that the Court incorrectly applied the career offender enhancement in determining Stevens' sentence. (*Id.*) *See Green*, 260 F.3d at 83 (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'") Accordingly, Stevens "seeks an appropriately adjusted Guidelines range if it is determined based upon . . . this information [that his] criminal history category is different from that" relied upon at sentencing. (ECF No. 532 at 2.) In addition, Stevens argues that "a court may reduce a crack cocaine sentence as if the First Step Act were in effect at the time the covered offense was committed[.]" (*Id.* at 3.)

## III.    Stevens' Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Stevens filed another submission on August 15, 2022 (the "August 15 Submission"), seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 533.) In this submission, Stevens appears to make a similar argument as in his August 4 Submission, but pursuant to § 3582(c)(1)(A) instead of § 3582(c)(1)(B). Specifically, Stevens argues that he "is eligible for relief, or a reduction in his sentence[,] because Congress has since changed the statutory penalty range for crack cocaine offenses, and has made those changes retroactively applicable."[6] (*Id.* at 1.) The Government submitted a letter in opposition to both of Stevens' motions for a sentence

---

[6]     Stevens appears to refer to the First Step Act of 2018's provision allowing courts to retroactively apply the Fair Sentencing Act of 2010's reductions of statutory penalties for crack cocaine offenses. *See* First Step Act of 2018 § 404, Pub. L. No. 115-391, Dec. 21, 2018, 132 Stat. 5194.

reduction on October 27, 2022.  (Gov't Opp'n, ECF No. 544.)

## DISCUSSION

**I.      Stevens' Motions Pursuant to 28 U.S.C. § 2255**

The Court construed Stevens' March 19 Submission as a first petition for relief pursuant to 28 U.S.C. § 2255.[7]  Pursuant to § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence on the ground that such sentence was illegally imposed. *See* 28 U.S.C. § 2255(a).  Importantly, however, a defendant generally has only one opportunity, within the one-year limitations period provided for in § 2255, to seek a full adjudication of all § 2255 claims.  *See* 28 U.S.C. § 2255(f); *Castro v. United States*, 540 U.S. 375, 382–83 (2003).

The Court has, on two prior occasions, noted that Stevens' § 2255 petition appears (1) time-barred and (2) to make arguments that may be procedurally barred because Stevens did not raise them on direct appeal.  (*See* ECF Nos. 473, 490.)  Furthermore, the Court twice appointed CJA counsel to assist Stevens in responding to the apparent deficiencies that his § 2255 petition presented.  Both CJA counsel declined to make any submissions on Stevens' behalf because they had a difference of opinion as to whether Stevens' claims were barred.  (*See* ECF Nos. 482, 497.)

In none of his submissions since the Court directed him to show cause has Stevens made an argument that extraordinary circumstances prevented from filing his motion on time.  *See, e.g.*, *United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) ("[A] petitioner is entitled to equitable tolling of the one-year statute of limitations if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some

---

[7]   In doing so, the Court also warned Stevens about the consequences of such a characterization, provided him with an opportunity to withdraw or amend his submission, and appointed CJA counsel to advise Stevens in connection with the Court's directive to show cause as to why Stevens' submission should not be denied as time-barred.  (ECF No. 473 at 7–9.)

6

extraordinary circumstance stood in his way and prevented timely filing.'"). Accordingly, he has not established a basis for equitable tolling of the one-year statute of limitations, and his § 2255 motion, filed more than three years after his conviction became final, must be denied.

As for Stevens' second § 2255 motion, the September 15 Submission, it must also be denied. "Second or successive" petitions pursuant to § 2255 are subject to heightened requirements. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). The Second Circuit has held that a "§ 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits," and thereafter the petitioner must seek authorization from the Second Circuit before filing a second or successive § 2255 petition. *Villanueva v. United States*, 346 F.3d 55, 58, 61 (2d Cir. 2003).[8]

The Court's denial of Stevens' March 19 Submission as time-barred constitutes an adjudication of his § 2255 motion on the merits. *See id.* Accordingly, Stevens must first seek leave from the Second Circuit before filing any successive § 2255 petition in this Court. *Id.*; *see also* 28 U.S.C. § 2255(h).

## II.    Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B)

In his August 4 Submission, Stevens seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(B). Specifically, he argues that he is eligible for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, which addresses the retroactive application of the Fair Sentencing Act of

---

[8]    The Second Circuit also stated that "a first . . . § 2255 petition will not be considered an adjudication on the merits for successive purposes if the petition was . . . initially filed as something other than a § 2255 petition and recharacterized by the district court without obtaining the petitioner's consent after providing the petition with notice of the recharacterization and an opportunity to withdraw the petition." *Villanueva*, 346 F.3d at 60.

As noted above, the Court construed Stevens' March 19 Submission as a § 2255 motion and provided him with an opportunity to withdraw the petition. (ECF No. 473.) He did not withdraw the petition. Instead, in a submission filed May 19, 2021, Stevens refers to the March 19 Submission as "his first filed petition." (ECF No. 479.) In addition, in the June 11 Letter, CJA counsel Clarke specifically referenced the Court's directive that "Mr. Stevens and counsel . . . notify the Court, in writing, if Mr. Stevens intended to withdraw his March 19 Submission[.]" (ECF No. 482.) The June 11 Letter also did not withdraw the March 19 Submission.

2010.  (*See* ECF No. 532 at 1–2.)  Section 404 applies to certain "covered offense[s]" and "gives district courts discretion to consider whether to reduce sentences for specified offenses that had been imposed before the Fair Sentencing Act," which "increased the quantities of crack cocaine that . . . trigger certain statutory sentence ranges."  *United States v. Fletcher*, 997 F.3d 95, 96 (2d Cir. 2021).

The narcotics distribution conspiracy to which Stevens pleaded guilty, in violation of 21 U.S.C. § 841(b)(1)(A), is a "covered offense" pursuant to the First Step Act because its statutory penalties were modified by Section 2 of that Act.  *See* First Step Act of 2018 § 404(a).  Nevertheless, the Government correctly notes that Stevens was sentenced in accordance with the Fair Sentencing Act of 2010 and thus received the benefits of reduced statutory penalties allowed by Section 404.  (Gov't Opp'n at 2.)  Therefore, Stevens, who was sentenced in 2017, is not entitled to further relief pursuant to Section 404.

Stevens also appears to argue that the Court incorrectly applied the career offender enhancement when calculating his Sentencing Guidelines range.  (*See* ECF No. 532 at 2–3.)  The record shows, however, that this is not the case.  At sentencing, the Court stated that "defendant has a [C]riminal [H]istory [C]ategory of IV."  (Sent'g Tr. 13:11–14, ECF No. 294.)  The PSR, which Stevens and his counsel "reviewed . . . multiple times," and to which he did not object at sentencing, reflects the same Criminal History computation.  (PSR ¶ 68; Sent'g Tr. 2:20–23.)  Because the Sentencing Guidelines assign all career offenders to Criminal History Category VI, the Court's calculation of Stevens' Criminal History Category did not designate him a career offender.  *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  Accordingly, Stevens has not established that a sentence reduction is warranted on this basis.

**III.     Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)**

In his August 15 Submission, Stevens appears to seek relief pursuant to the compassionate relief statute, 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391 (Dec. 21, 2018), authorizes a court to reduce a defendant's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant. A court may reduce a defendant's sentence only "if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court grants such relief.

First, absent waiver or forfeiture by the Government, a petitioner must "fully exhaust[] all administrative" remedies in requesting relief from the BOP. *Id.*; *see also United States v. Saladino*, 7 F.4th 120, 124 (2d Cir. 2021). Second, a petitioner must show that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), "and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). The Second Circuit has held that, pursuant to the First Step Act's revision of the compassionate release statute, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Accordingly, a court is not limited to those circumstances specified in the Sentencing Commission Guidelines and may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *Id.* Third, a court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). These factors include, of particular relevance here, "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

As an initial matter, the parties do not address whether Stevens has met the administrative exhaustion requirement of § 3582(c)(1)(A). Assuming, *arguendo*, that Stevens has met the administrative exhaustion requirement, the Court addresses whether Stevens has alleged any "extraordinary and compelling" reasons for release. The Court holds that he has not done so.

In his August 15 Submission, Stevens appears simply to re-assert one of the arguments he makes in support of his motion pursuant to § 3582(c)(1)(B). Specifically, he argues that he "is eligible for relief, or a reduction in his sentence[,] because Congress has since changed the statutory penalty ranges for crack cocaine offenses, and has made those changes retroactively applicable." (ECF No. 533 at 1.)

Although Stevens is correct that the First Step Act of 2018 went into effect after he was sentenced in 2017, that Act applies to certain "covered offense[s] . . . that [were] committed *before* August 3, 2010." First Step Act § 404(a) (emphasis added). Steven's offense conduct occurred between 2012 and 2016 (*see* PSR ¶¶ 2, 7, 21–39), and he was sentenced well after the Fair Sentencing Act of 2010 went into effect. Thus, as noted above, he has already received the benefit of the statutory penalty adjustments he seeks.

In addition, the § 3553(a) sentencing factors do not support a sentence reduction.[9] As stated at sentencing, Stevens' "offense is extraordinarily serious, involving the YNR group and the fact that its members used violence and that drugs were sold in that area by this gang for about four years. Gangs like these are a scourge on a city like ours, and the crime has to be taken

---

[9] Although Stevens references the 3553(a) factors in his August 15 Submission, he does not seem to make any particular argument regarding them. (*See* ECF No. 533.) In his August 4 Submission, however, he states that "in considering 3553(a) factors[,] the court must take into account [his] conduct after his initial sentence[.]" (*See* ECF No. 532.) To the extent Stevens is arguing that his rehabilitation warrants a sentence reduction, such an argument is not a basis for relief pursuant to 3582(c)(1)(A). *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason [for a sentence reduction]."); *see also Brooker*, 976 F.3d at 237–38.

very, very seriously." (Sent'g Tr. 13:21–25.) Furthermore, citing the need for general deterrence, the Court stated that Stevens' "sentence has to send a message that a gang that sells narcotics for about four years . . . and that uses guns and fights others with guns, with terrible results, has to be punished quite seriously." (*Id.* 14:12–18.) In addition, the Court already deducted one year from the recommended sentence regarding Stevens' narcotics conspiracy charge, which resulted in a below-Guidelines sentence. (*Id.* 14:19–23.) Accordingly, the Court finds that a further reduction in his sentence is not warranted at this time.

## CONCLUSION

For the reasons stated above, Stevens' motions pursuant to 28 U.S.C. § 2255 are DENIED. Because Stevens has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith, and thus Stevens may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States.*, 369 U.S. 438, 444–45 (1962).

Stevens' motions pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and (B) are also DENIED.

The Clerk is respectfully directed to close the motions at ECF Nos. 468, 532, 533, and 538 in case number 16-CR-311.

SO ORDERED.

Dated: New York, New York
March 8, 2023

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge